UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN PORZONDEK

        Plaintiff,

v

CITY OF SAUGATUCK, a Michigan municipal corporation; SAUGATUCK HISTORIC DISTRICT COMMISSION; KIRK HARRIER, City of Saugatuck City Manager, sued in his official and individual capacities; VIC BELLA, Chair of the Saugatuck Historic District Commission.

        Defendant.
_____/

Case No.: 1:16-cv-777
Hon. Janet T. Neff

Michael P. Haddock (P55880)
Sheridan Haddock, PLLC
Attorney for Plaintiff
3445 Blue Star Highway
Saugatuck, MI 49453
(269) 857-2119

David Otis (P31627)
Plunkett Cooney
Attorneys for Defendants
325 E. Grand River Ave., Ste. 250
East Lansing, MI 48823
(517) 324-5612

Michael S. Bogren (P34835)
Plunkett Cooney
Attorneys for Defendants
950 Trade Centre Way, Ste. 310
Portage, MI 49002
(269) 226-8822
_____/

**JOINT STATUS REPORT**

NOW COMES John Porzondek, Plaintiff, by and through his attorneys, Sheridan Haddock, PLLC, and the City of Saugatuck, Saugatuck Historic District Commission, Kirk Harrier, and Vic Bella, Defendants, by and through their attorneys, Plunkett Cooney, and hereby submits their Joint Status Report in accordance with the Federal Rules of Civil Procedure and the Court's Order Setting Rule 16 Scheduling Conference.

A Rule 16 Scheduling Conference is scheduled for September 22, 2016, at 11:00 a.m. Appearing for the parties as counsel will be Michael P. Haddock of Sheridan Haddock, PLLC, for the Plaintiff, and David Otis and Michael S. Bogren, for the Defendants.

1. **Jurisdiction:**

The basis for the Court's jurisdiction is subject matter jurisdiction under 28 U.S.C. § 1331 because this is a civil action arising under the Constitution and laws of the United States.

2. **Jury or Non Jury:**

This case is to be tried before a jury.

3. **Judicial Availability:**

The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. **Statement of the Case:**

**Plaintiff's Statement of the Case:**

John Porzondek is the current owner of real property located at 790 Lake Street, Saugatuck, MI 49453. Mr. Porzondek has repeatedly been denied by the City of Saugatuck, under the guise of the Saugatuck Historic District Commission, the right to protect his home from continual damage caused by the elements, significantly reducing the value of his property.

As a landowner, Mr. Porzondek has a right to occupy and use his land free from governmental regulation that destroys all or substantially all of its value.

The City of Saugatuck and the Saugatuck Historic District Commission have also denied Mr. Porzondek's efforts to protect his home by application of arbitrary, unreasonable, and capricious regulations and ordinances. As a landowner, Mr. Porzondek has a right to reasonable use of his land from such regulation.

The City of Saugatuck's Historic District regulations do not bear substantial relation to the public health, safety, morals, or general welfare. Instead, these regulations are used to enforce subjective opinions of how residents can use their property and have been applied improperly to Mr. Porzondek's property, as well as applied inconsistently throughout the Saugatuck Historic District.

The City of Saugatuck and the Saugatuck Historic District Commission have also improperly applied ordinances governing awnings on commercial businesses to Mr. Porzondek's residential property as a way to deny him the ability to protect and use his property.

The Saugatuck Historic District regulations also improperly prohibit Mr. Porzondek from exercising his right to freedom of expression by requiring approval from the Saugatuck Historic District Commission to display artwork at his home and the regulations are unconstitutionally overbroad, vague, and discriminatory on their face and as applied.

Defendants violated and continue to violate Mr. Porzondek's First Amendment rights by applying the Saugatuck Historic District regulations to his property.

Mr. Porzondek is asking the Court to declare that the City of Saugatuck and the Saugatuck Historic District Commission have violated his 1st Amendment rights and 14th Amendment due process rights and equal protection rights and has engaged in a regulatory

taking of his property. He also asks the Court to enter an order enjoining Defendants from applying the Historic District regulations to his property, and to award damages and other relief.

## DEFENDANTS' STATEMENT OF CASE

Plaintiff owns property at 790 Lake Street, Saugatuck, in the Lake Street/Culver Street area of the Saugatuck Historic District.  Prior to the events relevant to the "canopy" in this case, Plaintiff filed Applications for Certificates of Appropriateness for certain renovations to the subject property which were approved by the Saugatuck Historic District Commission.  Those included 1) Approval of changing exterior color and replacing doors (2002); 2) Approval of side railing and stairway (2003); 3) Approval of two signs and a ground level porch (2004); 4) Approval of revised deck and patio (2005); and 5) Approval of shingles (2006).  The Commission has issued certificates where the application meets the requirement of the ordinance and regulations of the Commission.

With regard to this case and the canopy, there is a long procedural history as follows.  In June 2009, Plaintiff submitted an application for a Certificate of Appropriateness for a second floor canopy supported by an aluminum frame.  Plaintiff had constructed the canopy without seeking a certificate.  The application was considered at the June 25 and June 23, 2009 meetings of the Commission.  It was denied at the July 23, 2009 meeting for failing to comply with the ordinance and regulations of the Commission.  The denial was appealed to the State Historic Preservation Review Board.  In a final Decision and Order issued on July 6, 2010, after a formal hearing, the HPRB denied the appeal and affirmed the Commission's decision of July 23, 2009.  (Agency Case No. 09-037-HP; SOHR Docket No. 2009-1523).

Plaintiff then appealed the HPRB's decision to the Allegan County Circuit Court.  In Case No. 10-47295-AA, Judge Kevin W. Cronin, issued an Order on March 9, 2011, affirming the July 6, 2010 Final Decision and Order of the HPRB.  Plaintiff failed to remove the canopy and an action was commenced in the Allegan County District Court, Case No. 11-1413-ON, for enforcement of a citation for a civil infraction for failing to remove the canopy on or before April 19, 2011.  Judge Joseph S. Skocelas issued an Order on June 1, 2011, to remove the canopy on or before June 4, 2011.  The canopy was removed, but was reinstalled at a later date with a modified design.

On December 23, 2014, the City filed a Motion and Order to Show Cause informing the Court that a canopy had been reinstalled without a certificate of appropriateness on or about December 16, 2014.  Judge Skocelas issued an Order on January 5, 2015 for the Plaintiff to show cause on January 28, 2015, why he was not in contempt of the Court's Order of June 1, 2011, to remove the canopy.  As a result of the January 28, 2015 hearing, the Court issued an Order on February 13, 2015 finding Plaintiff in contempt of the Court's Order of June 1, 2011, denying Plaintiff's contention that the redesign of the canopy rendered the canopy not subject to the June 1, 2011 Order and ordering the removal of the redesigned canopy.  The Court further ordered Plaintiff not to erect any "awning/canopy or any variation thereof" without first obtaining approval from the Historic District Commission or the HPRB.  The Court further awarded the City costs and attorneys' fees and retained jurisdiction of the case.

During the pendency of the above proceedings, Plaintiff submitted an application on February 2, 2015, as amended March 16, 2015, for construction of a "freestanding" awning/canopy as described in the Application.  The Application was denied

on March 30, 2015. Plaintiff again appealed this decision to the HPRB and the appeal was docketed at Agency Case No. 015-002-HP; SOAHR Docket No. 15-039899. In a Proposal for Decision, the ALJ documented that evidence was received regarding the procedural history described above in relation to the HPRB and State Circuit and District Court Orders. The ALJ determined based on procedural history that the appeal was barred by res judicata, recommended dismissal of the appeal and affirmance of the City's March 30, 2015 decision. On February 2, 2016, the HPRB adopted the proposal for decision and entered its order dismissing the appeal.

The City asserts that the Complaint filed in this Court fails to provide the Court with a complete history regarding the Commission's actions with regard to the canopy and HPRB decisions and judicial opinions regarding the "canopy". The Commission's decision has been affirmed and the City denies violating any of Plaintiff's rights under the United States Constitution.

The City further asserts that Plaintiff's claims in Count 3 and 4 are barred by res judicata/collateral estoppel; that Plaintiff's claim in Count 2 of a Fifth Amendment Taking is not ripe for review; and that Plaintiff's claims in Count 1 and 5 fail to state a claim as the "awning" does not implicate any speech or expressive rights under the First Amendment.

5. **Prospects of Settlement:**

The status of settlement negotiations is that the parties have not engaged in settlement discussions.

6. **Pendent State Claims:**

This case does not include pendent state claims.

7. **Joinder of Parties and Amendment of Pleadings:**

The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by October 22, 2016. The parties reserve the right to amend later should newly discovered evidence dictate.

8. **Disclosures and Exchanges:**

   (i) Fed. R. Civ. P. 26(a)(1) disclosures shall be made by the parties by December 22, 2016.

   (ii) Plaintiff expects to be able to furnish the names of Plaintiff's expert witnesses by November 22, 2016. Defendant expects to be able to furnish the names of Defendant's expert witnesses by December 22, 2016.

   (iii) It would be advisable in this case to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2). Reports, if required, should be exchanged by the close of discovery. However, the parties agree to an extension of discovery for new evidence disclosed as exhibits in the experts' reports.

   (iv) The parties are unable to agree on voluntary production at this time.

9. **Discovery:**

The parties believe that all discovery proceedings can be completed by April 15, 2017. The parties recommend the following discovery plan:

   (i) The subjects on which discovery may be needed include ultra vires action, res judicata, design approval, scope of regulation, and all other issues that may arise in the course of discovery.

   (ii) Discovery need not be conducted in phases.

   (iii) No limitations on discovery are recommended by the parties at this time.

    (iv)    No modifications are necessary in this case regarding the time limits for depositions (one day for seven hours).

**10. <u>Disclosure or Discovery of Electronically Stored Information:</u>**

The parties have discussed the production of electronically stored information and suggest that such information be handled as follows: Parties to provide a request to produce for email communication regarding the subject property, City, Historical District Commission, and Assessor regarding the re-classification of property from residential to commercial and related matters.

**11. <u>Assertion of Claims of Privilege or Work-Product Immunity After Production:</u>**
    **None known.**

**12. <u>Motions:</u>**

The parties acknowledge that a pre-motion conference is required before filing any dispositive motion, and no motion papers shall be filed until the motion has been fully briefed. See Judge Neff's Information and Guidelines for Civil Practice, located on this Court's website, [www.miwd.uscourts.gov](www.miwd.uscourts.gov).

The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all non-dispositive motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to resolve the dispute. In addition, all non-dispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party: Absense of Regulation pertaining to residential awnings, res judicata, collateral estoppel.

The parties anticipate that all pre-motion conference requests will be filed by: January 15, 2017.

**13. <u>Alternative Dispute Resolution:</u>**

In the interest of conserving judicial resources, the parties acknowledge that this Court will require the parties to participate in some form of Alternative Dispute Resolution. See Judge Neff's Information and Guidelines for Civil Practice, located on this Court's website, [www.miwd.uscourts.gov](www.miwd.uscourts.gov).

Discovery needed prior to conducting any Alternative Dispute Resolution is: production of documents, depositions. A preferred time frame for conducting alternative dispute resolution is at close of discovery.

The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution: facilitative mediation.

**14. <u>Length of Trial:</u>**

Counsel estimates the trial will last approximately 3 days total, allocated as follows: 2 days for Plaintiff's case, 1 days for Defendant's case, _____ days for other parties.

**15. <u>Electronic Document Filing System:</u>**

Counsel are reminded that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule.

          Respectfully submitted,

Dated: 09/15/16   /s/Michael P. Haddock
Michael P. Haddock (P55880)
Sheridan Haddock, PLLC
Attorneys for Plaintiff

Dated: 09/15/16   /s/David Otis
David Otis (P31627)
Plunkett Cooney
Attorneys for Defendants